February 24, 1977

## 77–9    MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

### Conflict of Interest—Status of an Informal Presidential Advisor as a "Special Government Employee"

A question has arisen as to whether Mr. A should be regarded as a special Government employee for purposes of the Federal conflict-of-interest laws. Generally, Mr. A advises the President almost daily, principally on an informal basis. This essentially personal relationship would not in itself result in Mr. A's being a Government employee or special Government employee. However, as explained in the latter part of this memorandum, Mr. A should be designated as a special Government employee in connection with his work on a current social issue that is of concern to the Administration.

The term "employee" is not defined in the conflict-of-interest laws, but it was no doubt intended to contemplate an employer-employee relationship as that term is understood in other areas of the law. Perhaps the most obvious source of a definition under Federal law is in the civil service laws. For purposes of Title 5 of the United States Code, a person is regarded as an "officer" or "employee" of the United States if he or she (1) is appointed in the civil service by a Federal officer or employee; (2) is engaged in the performance of a Federal function under authoriy of law; and (3) is subject to the supervision of a Federal officer or employee while engaged in the duties of his or her position. *See* 5 U.S.C. §§ 2104, 2105. A review of our files and other available material reveals that variants of these same three factors have, in fact, been utilized in one context or another under the conflict-of-interest laws.

For example, the first criterion under the civil service test—that the person be appointed in the civil service [1]—is analogous to the definition of the term "special Government employee" for purposes of the con-

---

[1] The "civil service" includes all appointive positions in the executive branch. 5 U.S.C. § 2101.

flict-of-interest laws: an officer or employee "who is retained, designated, appointed, or employed" to perform duties not to exceed 130 out of the next 365 calendar days. 18 U.S.C. § 202(a). The quoted phrase connotes a formal relationship between the individual and the Government. *See* B. Manning, Federal Conflict of Interest Law, 27, 34 (1964). In the usual case, this formal relationship is based on an identifiable act of appointment. *Id.*,[2] However, an identifiable act of appointment may not be absolutely essential for an individual to be regarded as an officer or employee in a particular case where the parties omitted it for the purpose of avoiding the application of the conflict-of-interest laws or perhaps where there was a firm mutual understanding that a relatively formal relationship existed. We are not aware that Mr. A has been officially "retained, designated, appointed, or employed" as an adviser to the President or that there is any other basis for inferring a relatively formal relationship insofar as Mr. A's advising the President is concerned.

The second criterion under the civil service laws is that the person be engaged in the performance of a Federal function under authority of law. It seems doubtful that Mr. A's essentially personal advice on a wide variety of issues would be regarded as a Federal function under this test.

The third civil service factor—that the individual work under the supervision of a Federal officer or employee—is closely related to the second. It has been of importance in the conflict-of-interest area primarily in determining whether an individual is an independent contractor rather than an employee and therefore not subject to the conflict-of-interest laws. For example, if a person is hired to conduct a study using his own judgment and resources and then turn over the end product to the agency, he would probably be regarded as an independent contractor. On the other hand, if a person works on Government premises under the direction of Government personnel and performs work of a kind normally handled by Government employees, he is probably an employee. Manning, *supra,* at 32–33. The question is obviously one of degree, but the distinction between an employee and an independent contractor, based primarily on the element of supervision and the nature of the work, is well recognized in other areas of the law. *See, e.g., United States v. Orleans,* 425 U.S. 807 (1976) (tort claims); *NLRB v. Hearst,* 322 U.S. 111 (1944) (Labor). We have taken this same approach in the past under the conflict-of-interest laws. *See also* Manning, *supra,* at 32–33. Again, given the largely personal relationship between the President and Mr. A, apparently based on mutual respect rather than an assignment of duties, it seems doubtful that Mr. A ordinarily consults with the President under the latter's supervision,

---

[2] Appendix C to Chapter 735 of the Federal Personnel Manual provides detailed guidelines for agencies to follow in appointing consultants and other temporary employees, principally to ensure that they are officially designated as special Government employees. These guidelines of course reinforce the requirement of a formal relationship.

21

direction, or control as that concept is applied in the conflict-of-interest and similar laws or engages in the type of work ordinarily performed by Government employees.

It is our conclusion, for the reasons given above, that Mr. A does not have to be designated as a special Government employee and abide by the restrictions of the conflict-of-interest laws applicable to such employees solely by virtue of his informal consultations with the President.

The conclusion is, for the most part, consistent with the position of Professor Manning, a noted commentator on the conflict-of-interest laws:

> One does not become an "employee of the United States" merely by voicing an opinion on government matters to a federal official at a cocktail party. The distinction may be shadowy in a particular case, and each situation must be judged on its own facts. Formalities can play an important part. In the ordinary situation, a person will not be considered to be a consultant-employee if he does not bear a formal appointment, is not enrolled on the personnel roster of the relevant agency, has no government personnel file in his name, and has not been sworn in or signed the customary oath of a government employee. Other factors that might be relevant can be conjectured. Is the person's advice solicited frequently? Is it sought by one official, who may be a personal friend, or impersonally by a number of persons in a government agency that needs expert counsel? Do meetings take place during office hours? Are they conducted in the government office, and does, perhaps, the adviser maintain a desk or working materials in government facilities? Manning, *supra,* at 29–30.

This conclusion is also consistent with the prior position of this Office. By letter dated April 10, 1968, we advised the Acting Director of the Office of Foreign Direct Investments in the Department of Commerce that if he were to turn on occasion to a single expert or a group of such experts for informal advice on a particular regulation or policy, that would not make the experts "employees" for conflict-of-interest purposes.

As mentioned earlier, Mr. A speaks with the President almost every day by telephone, and these discussions cover a wide range of policy issues. The passage just quoted from Professor Manning's book and our 1968 memorandum both appear to attach some significance to the frequency of consultation. But we do not believe the mere fact that Mr. A speaks with the President on a regular basis in itself alters the fundamentally personal nature of the relationship that is apparently involved here, just as Mrs. Carter would not be regarded as a special Government employee solely on the ground that she may discuss governmental matters with the President on a daily basis.

22

Mr. A, however, seems to have departed from his usual role of an informal adviser to the President in connection with his recent work on a current social issue. Mr. A has called and chaired a number of meetings that were attended by employees of various agencies, in relation to this work, and he has assumed considerable responsibility for coordinating the Administration's activities in that particular area. Mr. A is quite clearly engaging in a governmental function when he performs these duties, and he presumably is working under the direction or supervision of the President. For this reason, Mr. A should be designated as a special Government employee for purposes of this work—assuming that a good faith estimate can be made that he will perform official duties relating to that work for no more than 130 out of the next 365 consecutive days. If he is expected to perform these services for more than 130 days, he should be regarded as a regular employee. In either case, he should be formally appointed and take an oath of office. This formal designation would not necessarily affect the conclusion that Mr. A's other consultations with the President are of a personal rather than official nature. Should Mr. A assume governmental responsibilities in other areas, as he has done with his work on the above project, he should be regarded as a Government employee for these other purposes as well.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*